UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Chris Long<br>*Individually and as the Personal Representative for the Estate of William Long,*<br><br>Plaintiff,<br><br>v.<br><br>Berkeley County Sheriff's Department and Berkeley County,<br><br>Defendants. | ) | C/A No. 9:26-cv-01921-SAC-MHC<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, represented by counsel, initiated this action against Defendants Berkeley County Sheriff's Department ("BCSD") and Berkeley County ("the County") on May 11, 2026. ECF No. 1. Plaintiff alleges four causes of action against the Defendants: one claim pursuant to 42 U.S.C. § 1983 for deprivation of constitutional rights, as well as state law claims for negligence, wrongful death, and a survival action. ECF No. 1 at ¶¶ 16–33.

Before this Court is a Motion to Dismiss filed by Defendants pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 9. Plaintiff filed a Response in Opposition to the Motion to Dismiss. ECF No. 10. Defendants filed a Reply. ECF No. 11. The Motion to Dismiss is ripe for review.

All pretrial proceedings in this case were referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2), D.S.C. This Report and Recommendation is entered for review by the District Judge. For the reasons that follow, the undersigned recommends that the Motion to Dismiss be granted.

## BACKGROUND[1]

Plaintiff, Chris Long, is a citizen and resident of the state of South Carolina and is the duly appointed Personal Representative of the Estate of William Long ("Decedent"). ECF No. 1 at ¶ 1. Defendants are governmental entities created pursuant to the South Carolina State Constitution. *Id.* at ¶¶ 2, 3.

On or about January 25, 2025, a Berkeley County Deputy noticed Decedent "slumped over" in the driver seat of an "inoperative motor vehicle" near College Park Road in Berkeley County, South Carolina. *Id.* at ¶¶ 8, 9. Concerned that Decedent was experiencing a medical emergency, the Deputy called for emergency medical services to arrive on scene. *Id.* at ¶¶ 9, 10. Once emergency medical services arrived, they determined that Decedent was not overdosing but was "under the influence of narcotics." *Id.* at ¶ 10. The Deputy found a plastic bag on Decedent's person containing a substance discovered to be fentanyl. *Id.* at ¶ 11. According to Plaintiff, Defendants did not take Decedent to the emergency room or other healthcare facility, "[d]espite knowledge of [Decedent's][2] Fentanyl use, abuse, and/or addiction." *Id.* at ¶ 12. Rather, Decedent was arrested and transported to the Berkeley County Detention Center. *Id.* at ¶ 13. Six days later, on or about February 1, 2025, Decedent died due to a Fentanyl overdose in custody at the detention center. *Id.* at ¶ 15. Plaintiff alleges that "Defendants failed to ensure [Decedent's] safety and wellbeing while he was incarcerated," resulting in his death. *Id.* at ¶ 14.

[1] For purposes of ruling on Defendants' Motion, the Complaint's factual allegations are accepted as true, and all reasonable factual inferences are drawn in the light most favorable to Plaintiff. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

[2] Plaintiff's Complaint states "*Plaintiff's* Fentanyl use," but in light of the alleged facts, the undersigned understands this to be addressing the "*Decedent's* Fentanyl use."

Plaintiff alleges that the Defendants' negligence caused Decedent's death. *Id.* at ¶¶ 16–19. Specifically, he alleges that the Defendants deprived the Decedent of his constitutional rights under the Fourteenth Amendment, including his "right to life and to be free from cruel and unusual punishment." *Id.* at ¶ 22. Plaintiff also brings state claims for negligence, wrongful death, and survival. *Id.* at ¶¶ 27, 31.

Defendants seek to dismiss Plaintiff's claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[3]

## LEGAL STANDARD

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 531 (D.S.C. 2014). Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant will have "fair notice of what the claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to

[3] The Fourth Circuit has yet to decide "whether a dismissal on Eleventh Amendment immunity grounds is a dismissal for failure to state a claim under Rule 12(b)(6) or a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1)." *Andrews v. Daw*, 201 F.3d 521, 525 n.2 (4th Cir. 2000); *see Clowdis v. Silverman*, CA No. 3:15-cv-128, 2019 WL 1415454, at *12 (E.D. Va Mar. 28, 2019), *aff'd*, 785 F. App'x 101 (4th Cir. 2019) However, there is a "trend" among courts in this circuit to analyze Eleventh Amendment immunity pursuant to Rule 12(b)(1). *Green v. Dorchester*, CA No. 2:21-cv-01304-DCN-MGB, 2023 WL 5772627, at *3 n.2 (D.S.C. Jan. 18, 2023) (collecting cases); *Goss v. Moultrie*, CA No. 2:21-cv-01090, 2022 WL 3718602, at *2 n.1 (D.S.C. July 27, 2022); *Darling v. Falls*, 236 F. Supp. 3d 914, 925–26 n.11 (M.D.N.C. Feb. 17, 2017). This distinction, however, "makes little practical difference" as in either case the court must assume the truth of the facts alleged in the complaint and view them in the light most favorable to the plaintiff. *Green*, 2023 WL 5772627, at *3 n.2 (quoting *Zemedagegehu v. Arthur*, No. 1:15-cv-57, 2015 WL 1930539, at *3 (E.D. Va. Apr. 28, 2015)); *accord Fleming v. Va. State Univ.*, No. 3:15-cv-268, 2016 WL 927186, at *1 n.4 (E.D. Va. Mar. 4, 2016).

state a claim to relief that is plausible on its face.'" *Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570). When considering a Rule 12(b)(6) motion, the court is required to accept the factual allegations in the pleading as true and draw all reasonable factual inferences in favor of the party opposing the motion. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). "A complaint should not be dismissed as long as it provides sufficient detail about the claim to show that the plaintiff has a more-than-conceivable chance of success on the merits." *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 511 (4th Cir. 2015) (internal quotation marks and brackets omitted).

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure examines whether the complaint fails to state facts upon which jurisdiction can be founded. Fed. R. Civ. P. 12(b)(1). Typically, it is the plaintiff's burden to prove jurisdiction. *Quinn v. S.C. Dep't of Transp.*, C.A. No. 8:18-cv-1876-JDA, 2019 WL 1780530, at *3 (D.S.C. Mar. 29, 2019), *report and recommendation adopted*, No. CV 8:18-1876-HMH-JDA, 2019 WL 1773548 (D.S.C. Apr. 23, 2019) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). "However, where a party challenges the subject matter jurisdiction of the court on the grounds that the party is an arm of the state entitled to sovereign immunity, the burden of persuasion lies with the party asserting the immunity." *Id.* (citing *Hutto v. S.C. Ret. Sys.*, 899 F. Supp. 2d 457, 466 (D.S.C. 2012)).

**DISCUSSION**

In his Complaint, Plaintiff alleges four causes of action against Defendants: (1) a § 1983 claim for deprivation of Decedent's Fourteenth Amendment rights, (2) negligence, (3) wrongful death, and (4) survival. ECF No. 1 at ¶¶ 16–33. In their Motion to Dismiss, Defendants move to dismiss Plaintiff's § 1983 claim against BCSD for two reasons: BCSD is not a "person" subject to

suit, and BCSD is entitled to Eleventh Amendment immunity. ECF No. 9 at 2–4. As to the County, Defendants argue that Plaintiff fails to state a claim against the County pursuant to § 1983. *Id.* at 4. Defendants also argue that, upon dismissal of the § 1983 claims, the three state law claims must be dismissed for lack of subject matter jurisdiction. *Id.*

Plaintiff, in response, argues that the Motion to Dismiss should be denied because the Supreme Court's recent decision in *Galette v. N.J. Transit Corp.*, 607 U.S. 509 (2026), "nullifies" Defendants' Eleventh Amendment immunity argument. ECF No. 10 at 1–5. Plaintiff also argues that both Defendants are "persons" subject to suit for purposes of § 1983 liability, such that neither the § 1983 claim nor the state law claims should be dismissed. *Id.* at 5–7.

## I. BCSD is Entitled to Eleventh Amendment Immunity

Under the Eleventh Amendment, federal courts are barred from hearing claims against a state or its instrumentalities, unless the state has consented to the suit or the immunity has been abrogated by an appropriate act of Congress. *Fauconier v. Clarke*, 966 F.3d 265, 279 (4th Cir. 2020); *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997) ("It has long been settled that [the Eleventh Amendment's] reference to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). Eleventh Amendment immunity extends to arms of the state, "including state agencies and state officers acting in their official capacity," *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996), because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," such that it "is no different from a suit against the State itself," *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Unless South Carolina has consented to suit or Congress has waived South

Carolina's immunity pursuant to the Fourteenth Amendment, South Carolina (and its agencies) may not be sued in federal or state court. *Id.* at 66–67.

Congress has not abrogated the states' sovereign immunity under § 1983, *Quern v. Jordan*, 440 U.S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann. § 15-78-20(e) ("Nothing in this chapter is construed as a waiver of the state's or political subdivision's immunity from suit in federal court under the Eleventh Amendment to the Constitution of the United States[.]"); *see Pringle v. S.C. Ret. Sys.*, CA No. 2:06–3294–PMD, 2007 WL 295626, at *5 (D.S.C. Jan. 29, 2007).

Further, BCSD is considered an "arm of the state" entitled to Eleventh Amendment immunity. *See Eichman v. Rissanen*, 705 F. Supp. 3d 528, 532 (D.S.C. 2023) ("[A] Sheriff's Office in South Carolina is considered an arm of the state. . . and the Court finds that [Charleston County Sheriff's Office] is entitled to Eleventh Amendment immunity."); *see also Williams v. Charleston Cnty. Sheriff's Off.*, No. 24-1238, 2026 WL 2043182, at *2 (4th Cir. July 15, 2026) (same); *Cromer*, 88 F.3d at 1332 (concluding that South Carolina sheriff is an arm of the state and immune from suit for damages under § 1983); *Cash v. Thomas*, CA No. 6:12-1278-MGL, 2013 WL 3804375, at *7 (D.S.C. July 19, 2013) ("It is well settled, both in South Carolina and federal law, that a Sheriff in South Carolina is an arm of the State and not a County employee and therefore is entitled to Eleventh Amendment immunity in his or her official capacity from suit in Federal Court." (citing *Cromer*, 88 F.3d at 1332)). As a result, BCSD is entitled to Eleventh Amendment immunity as to Plaintiff's § 1983 claim.

Contrary to Plaintiff's argument, the recent Supreme Court decision in *Galette v. N.J. Transit Corp.*, 607 U.S. 509 (2026), does not change this analysis, as the Fourth Circuit has since

affirmed its holding that a sheriff's office is an arm of the state in light of *Galette*. *See Williams v. Charleston Cnty. Sheriff's Off.*, No. 24-1238, 2026 WL 2043182 (4th Cir. July 15, 2026).

In *Williams*, the plaintiffs brought a § 1983 claim against the Charleston County Sheriff's Office and Charleston County. The Fourth Circuit initially affirmed dismissal of the plaintiffs' claims against the Sheriff's Office on the ground that it is an arm of the state subject to Eleventh Amendment immunity. *Williams v. Charleston County Sheriff's Off.*, No. 24-1238, 2025 WL 602754, at *2 (4th Cir. Feb. 25, 2025), *cert. granted, judgment vacated,* 146 S. Ct. 1849 (2026). After the Supreme Court handed down the *Galette* decision, the Court vacated *Williams* and remanded the case to the Fourth Circuit "for further consideration in light of" *Galette*. *Williams v. Charleston Cnty. Sheriff's Off.*, No. 25-640, 146 S. Ct. 1849 (2026).

On remand, the Fourth Circuit affirmed its previous holding, concluding that *Galette* and the Fourth Circuit's previous decision in *Williams* are fully consistent:

> In particular, *Galette* addressed the implications of the corporate form for the Eleventh Amendment analysis, and its central holding – that the New Jersey Transit Corporation is not an arm of the state entitled to Eleventh Amendment immunity because it is "a corporation with the traditional corporate powers to sue and be sued, hold property, make contracts, and incur debt," 146 S. Ct. at 868 – does not supersede our court's controlling precedent or directly bear on this case. We therefore re-adopt and re-issue our previous decision in this case.

*Williams*, 2026 WL 2043182, at *1. In re-issuing its previous decision, the Fourth Circuit again concluded that the Sheriff's Office was entitled to Eleventh Amendment immunity on the plaintiffs' § 1983 claim:

> The Sheriff's Office invoked the state's Eleventh Amendment immunity from suit, contending that is not a municipality but instead an "arm of the state" for purposes of the Eleventh Amendment. . . . In *Cromer v. Brown*, 88 F.3d 1315 (4th Cir. 1996), as the district court explained, the Fourth Circuit had already considered the Eleventh Amendment status of South Carolina's county sheriff's offices, and determined that they are agents of the state protected from suit by Eleventh Amendment immunity. . . . To determine whether an entity like the County Sheriff's Office is an arm of the state entitled to Eleventh Amendment immunity, this court employs a well-established four-factor balancing test. . . . And in *Cromer*, we held,

> after considering the "factors relevant to the immunity analysis," that a South Carolina county sheriff is an "arm of the state" protected from suit by the Eleventh Amendment. 88 F.3d at 1332. That is enough to resolve this case.

*Williams*, 2026 WL 2043182, at *1–2.

Because the Fourth Circuit has concluded that *Galette* did not disturb the existing precedent in the Fourth Circuit, this Court is bound to follow Fourth Circuit precedent. *See United States v. Ruhe*, 191 F.3d 376, 388 (4th Cir. 1999) ("[A]s a simple panel, we are bound by prior precedent from other panels in this circuit absent contrary law from an *en banc* or Supreme Court decision."); *see also Kentwool Co. v. NetSuite, Inc.*, CA No. 6:14-cv-02678, 2014 WL 12681605, at *5, n.1 (D.S.C. Dec. 1, 2014) ("Therefore, a district court is bound to follow precedent established by the Fourth Circuit.").

Accordingly, BCSD is entitled to Eleventh Amendment immunity, such that the § 1983 claim against BCSD should be dismissed without prejudice. *See Hong Tang v. Univ. of Baltimore*, 782 F. App'x 254, 255 (4th Cir. 2019) (explaining that "a dismissal based upon Eleventh Amendment immunity would be without prejudice").

## II. Plaintiff's § 1983 Claim Against the County Should Be Dismissed

Plaintiff also brought a § 1983 claim against the County[4] for deprivation of Decedent's constitutional rights. ECF No. 1. Defendant argues that Plaintiff has failed to state a plausible § 1983 claim against the County. ECF No. 9 at 4; ECF No. 11 at 5–7. Plaintiff responds that the facts demonstrate notable omissions giving rise to municipal liability. ECF No. 10 at 6.

[4] Because counties are not characterized as an "arm of the state," Eleventh Amendment immunity does not extend to them. *See Wiley v. Bd. Of Educ. Of St. Mary's Cnty.*, 557 F. Supp. 3d 645, 666 (D. Md. 2021) ("[T]he County, as a unit of local government, is a 'person' subject to suit under 42 U.S.C. § 1983."); *see also N. Ins. Co. of N.Y. v. Chatham Cnty.*, 547 U.S. 189, 192 (2006) ("The County conceded that Eleventh Amendment immunity did not extend to counties.").

"Section 1983 imposes liability on state actors who cause the deprivation of any rights, privileges, or immunities secured by the Constitution." *Doe v. Rosa*, 795 F.3d 429, 436 (4th Cir. 2015) (internal quotation marks omitted). To state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege (1) that he "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and (2) "that the conduct complained of was committed by a *person* acting under color of state law." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983) (emphasis added).

Municipalities are considered "persons" and can be sued for constitutional deprivations under § 1983. *Monell v. Dep't of Soc. Serv.'s of City of N.Y.*, 436 U.S. 658, 690 (1978) ("Congress *did* intend municipalities and other local government units to be included among those persons to whom § 1983 applies.") (emphasis in original). However, municipal liability will be found only where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690; *see also Starbuck v. Williamsburg James City Cnty. Sch. Bd.*, 28 F.4th 529, 532–33 (4th Cir 2022). A local government entity is not liable under § 1983 "solely because it employs a tortfeasor." *Monell*, 436 U.S. at 691. A policy or custom for which municipal liability can arise may be established in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifests deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law." *Starbuck*, 28 F.4th at 533.

Here, Plaintiff rests his municipal liability argument on the omissions of the County, which allegedly demonstrate their "deliberate indifference to the civil rights of Decedent." ECF No. 1 at

¶¶ 19, 23, 24. An omission, such as a failure to properly train officers, that "manifests deliberate indifference to the rights of citizens," can be the basis for municipal liability under § 1983. *City of Canton v. Harris*, 489 U.S. 378, 388–89 (1989) ("Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality. . . can a city be liable for such a failure under § 1983."). "Deliberate indifference is a demanding standard." *Mullen v. Town of Sunset Beach*, 175 F.4th 466, 472–73 (4th Cir. 2026) (citing *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 402 (4th Cir. 2014)). It requires proof that municipal policymakers "(1) knew or should have known that their failure to act was likely to result in constitutional injury, and (2) disregarded that risk." *Id.* (citing *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)). Because "[i]solated instances of unconstitutional conduct by municipal employees are insufficient to establish municipal liability," a plaintiff must demonstrate a pattern so "persistent and widespread" as to place policymakers on notice that their failure to act would likely result in constitutional injury. *Id.* at 472–73.

In this case, Plaintiff has failed to allege facts demonstrating a pattern of persistent and widespread constitutional violations, nor has he demonstrated how the County's alleged failure to act manifested deliberate indifference toward Decedent's constitutional rights. Rather, Plaintiff's Complaint relies on the single incident involving the Decedent without reference to comparable incidents or a wider pattern. This is insufficient to support a *Monell* claim for municipal liability. *See Johnson v. Balt. City*, 163 F.4th 808, 823 (4th Cir. 2026) ("Here, the only specific instances Appellant alleges in support of her *Monell* claim are her own. As noted, we have previously held this insufficient to support a reasonable inference that there is a persistent and widespread practice so as to plausibly allege a *Monell* claim.") (internal quotations omitted); *see also Mary Spates as Parent & Nat. Guardian for C.M. v. Horry Cnty. Sch. Dist.*, CA No. 4:21-cv-03634-JD, 2026 WL

2409893, at *4 (D.S.C. Aug. 18, 2026) (rejecting a municipal liability claim where the Plaintiff alleged facts as to only her own incident); *Lanford v. Prince George's County*, 199 F. Supp. 2d 297, 305 (D. Md. 2002) (finding no *Monell* claim where plaintiff "provided no allegations, except those surrounding his own arrest and injury.").

Because the factual allegations in Plaintiff's Complaint do not meet the standard for *Monell* municipal liability, Plaintiff has failed to state a plausible § 1983 claim against the County. Accordingly, the undersigned recommends that the § 1983 claim against the County be dismissed without prejudice.

### III. The Court Should Decline to Exercise Supplemental Jurisdiction

In his Complaint, Plaintiff alleges that the Court has original federal question jurisdiction over his § 1983 claim and supplemental jurisdiction over his three state law claims pursuant to 28 U.S.C. § 1367.[5] ECF No. 1 at ¶¶ 5, 6. Defendants argue that, because Plaintiff's § 1983 claims should be dismissed, the Court should decline to exercise supplemental jurisdiction over the state claims. ECF No. 9 at 4; ECF No. 11 at 7. The undersigned agrees.

A district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy," unless certain circumstances apply. 28 U.S.C. § 1367(a)–(c). These circumstances include if "the district court has dismissed all claims over which it has original jurisdiction," at which time the court "may decline to exercise supplemental jurisdiction." *Id.* § 1367(c)(3).

[5] A district court can have original jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(1). Here, Plaintiff cannot establish diversity jurisdiction because Plaintiff and Defendants are all citizens of South Carolina, such that there is not the required complete diversity of the parties. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372–74 (1978) (explaining that complete diversity of parties means that no party on one side may be a citizen of the same State as any party on the other side).

"Generally, when a district court dismisses all federal claims in the early stages of litigation, it should decline to exercise jurisdiction over any remaining pendent state law claims by dismissing those claims without prejudice." *Williams v. Mitchell*, 122 F.4th 85, 92 (4th Cir. 2024) (citation and internal quotation marks omitted); *see Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) ("[T]rial courts enjoy wide latitude in determining whether . . . to retain jurisdiction over state claims when all federal claims have been extinguished.").

Because Plaintiff's Complaint fails to state a claim over which this Court has original jurisdiction, the undersigned recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state claims and that those three claims be dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3) (authorizing a district court to decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction"); *Williams*, 122 F.4th at 92; *see also Zeno v. Hall*, No. 7:24-CV-00573, 2026 WL 776310, at *4 (W.D. Va. Mar. 19, 2026) (dismissing § 1983 claims for failure to state a claim and declining to exercise supplemental jurisdiction over remaining state law claims).

**RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Defendants' Motion to Dismiss (ECF No. 9) be **GRANTED** and that Plaintiff's claims be dismissed without prejudice.

**IT IS SO RECOMMENDED.**

The parties are referred to the Notice Page attached hereto.

Molly H. Cherry
United States Magistrate Judge

September 11, 2026
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).