IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Chris Long, Individually and as the Personal Representative for the Estate of William Long,<br><br>*Plaintiff*,<br><br>Versus<br><br>Berkeley County Sheriff's Department and Berkeley County,<br><br>Defendants. | C/A No. 9:26-cv-01921-DCN-MHC<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION** |

The Defendants Berkeley County Sheriff's Department ("BCSD") and Berkeley County (the "County"), pursuant to Fed. R. Civ. P. 72(b)(2), submit this Reply to Plaintiff's Objections (ECF No. 15) to the Report and Recommendation of United States Magistrate Judge Molly H. Cherry (ECF No. 14) (the "R&R"). The R&R correctly recommends that Defendants' Motion to Dismiss (ECF No. 9) be granted. The objections should be overruled and the R&R adopted in full.

## INTRODUCTION

Plaintiff's objections do not identify an error in the R&R. They identify a problem with the Complaint. Stripped of its repetition, the objections advance one proposition: that a plaintiff may plead a single-incident *Monell* claim by alleging the incident, attaching a list of generic omissions, and promising that discovery will supply the rest. That is not the law. *City of Canton* and *Connick* require facts showing a specific training deficiency and a need for different training so obvious that policymakers consciously disregarded it. The Complaint alleges neither. It alleges that emergency medical personnel examined the Decedent on scene and determined he was not overdosing, ECF No. 1 ¶ 10, and then says nothing at all about the six days that followed.

Plaintiff does not meaningfully challenge the Eleventh Amendment ruling as to BCSD, which he expressly offers only to "preserve[] the issue for review." ECF No. 15 at 11. His supplemental-jurisdiction objection is entirely derivative. And his contingent, one-paragraph request for leave to amend identifies no fact he would add in an amendment. Each objection fails.

## STANDARD OF REVIEW

The Court reviews de novo only "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). An objection must be specific enough to direct the Court to the particular error claimed; general or conclusory objections, and objections that merely preserve an issue without identifying an error, do not trigger de novo review. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). Absent a specific objection, the Court need only satisfy itself that there is no clear error on the face of the record. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## ARGUMENT

### I. The BCSD Objection Is a Placeholder, not a Specific Objection, and the R&R Is Correct Under Binding Precedent.

Plaintiff does not argue that the Magistrate Judge misapplied *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996), or misread *Williams v. Charleston County Sheriff's Office*, No. 24-1238, 2026 WL 2043182 (4th Cir. July 15, 2026). He simply "maintains his objection" and "preserves the issue for review." ECF No. 15 at 11. That is not an objection that identifies error, and clear-error review applies.

Under any standard, the R&R is correct. On remand from the Supreme Court for reconsideration in light of *Galette v. New Jersey Transit Corp.*, 607 U.S. 509 (2026), the Fourth Circuit held that *Galette* does not supersede our court's controlling precedent, re-issued its holding that a South Carolina sheriff's office is an arm of the State, and concluded that *Cromer* is enough

to resolve the question. *Williams*, 2026 WL 2043182, at *1-2. This Court is bound by that holding. Independently, as an arm of the State, BCSD is not a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment bars Plaintiff's state-law claims against BCSD in this forum regardless of how the federal claim is resolved. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984). For these reasons, the Plaintiff has failed to present a genuine objection, and the R&R should be adopted in full.

## II. The Magistrate Judge Applied the Correct Standard to the Theory Plaintiff Actually Plead.

### A. The R&R did not "conflate" *Monell* theories. Deliberate indifference is the standard for a failure-to-train claim, and a pattern is necessary to show it.

Plaintiff's central objection is that the R&R identifies his omission and failure-to-train theory but then resolves it by "requiring allegations of a persistent and widespread pattern," as though the pattern requirement belonged only to the custom theory. ECF No. 15 at 3-4. That misreads both the R&R and the law.

The R&R expressly analyzed the omission theory under *City of Canton v. Harris*, 489 U.S. 378, 388–89 (1989) and correctly stated that the theory requires an omission that "manifests deliberate indifference." R&R at 9-10. The Supreme Court has explained how that standard is ordinarily met in a failure-to-train case: A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train. *Connick v. Thompson*, 563 U.S. 51, 62 (2011). That is because, "[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id.* A municipality's culpability "is at its most tenuous where a claim turns on a failure to train." *Id.* at 61.

The pattern requirement is the ordinary means of proving the notice element of the failure-to-train theory itself. The R&R applied exactly that framework, citing the Fourth Circuit's statement that "[i]solated instances of unconstitutional conduct by municipal employees are insufficient to establish municipal liability" and that the plaintiff must show a pattern sufficient to place policymakers on notice. R&R at 10 (citing *Mullen v. Town of Sunset Beach*, 175 F.4th 466, 472–73 (4th Cir. 2026)).

**B. The Complaint does not plead facts within *Canton's* narrow single-incident exception.**

It appears that Plaintiff's real argument is that this case falls within the exception *Canton* hypothesized for a need for training "so obvious" that its absence alone shows deliberate indifference. ECF No. 15 at 5-10. The Supreme Court has described that exception as reserved for a "narrow range of circumstances," illustrated by the hypothetical of a city that arms its police officers and sends them into the public to capture fleeing felons with no training at all on the constitutional limits on deadly force. *Connick*, 563 U.S. at 63-64. Even there, the plaintiff must identify a specific deficiency in the training program that is "closely related to the ultimate injury." *Canton*, 489 U.S. at 391. It is not enough that a particular officer may be unsatisfactorily trained, that an otherwise sound program has occasionally been negligently administered, or that an injury could have been avoided if an officer had had better or more training. *Id.* at 390-91; *see also Spell v. McDaniel*, 824 F.2d 1380, 1390 (4th Cir. 1987). The Complaint here does not meet this standard.

**First, the Complaint identifies no training program and no deficiency in it.** The only training allegation in the Complaint is subparagraph 19(b) of the *negligence* count, which alleges a "fail[ure] to properly train and supervise its agents and employees." ECF No. 1 ¶ 19(b). It does not say what training exists, what it omits, which employees received it, or how the omission

caused the Decedent's death. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**Second, the objections describe a case the Complaint does not plead.** The objections repeatedly characterize the roadside encounter as a "narcotics-related medical emergency," a "known and immediate fentanyl-related medical risk," and a situation in which Defendants "nevertheless failed to provide appropriate medical intervention." ECF No. 15 at 6-8. The Complaint alleges the opposite. It alleges that emergency medical services arrived on the scene and that EMS "determined that Decedent was not overdosing, but under the influence of narcotics." ECF No. 1 ¶¶ 9-10. On Plaintiff's own pleading, the deputy did what the objections assert training should require; he called for medical evaluation and trained medical personnel concluded the Decedent was not in medical crisis. Those facts do not show an "obvious" need for different training that policymakers consciously ignored. Further, the objections cannot amend the Complaint. The paragraphs Plaintiff cites for the proposition that the Complaint alleges failures of "training, supervision, policies, procedures, and safety protocols," ECF No. 15 at 6, 8 (citing ECF No. 1 ¶¶ 17–19, 23–24), are the boiler plate language contained in the negligence count's duty and breach, and also the § 1983 count's damages paragraphs. None of these allegations contain a fact about any County policy, training program, or protocol.

**Third, the Complaint is silent about the six days that matter.** The Decedent was booked on or about January 25, 2025, and died on or about February 1, 2025. ECF No. 1 ¶¶ 8, 13, 15. The Complaint alleges nothing about those six days: no symptoms, no request for care, no observation by any detention officer or medical provider, no allegation of how fentanyl was obtained inside the facility, and no allegation that anyone was aware of any risk on the day of death. The only knowledge the Complaint attributes to anyone is the arresting deputy's knowledge at the roadside

six days earlier – a situation that EMS had just evaluated and cleared of an overdose. A close relationship between an identified training deficiency and the death, *Canton*, 489 U.S. at 391, cannot be inferred from a factual void. Section 1983 requires "rigorous standards of culpability and causation" precisely so that a local government "is not held liable solely for the actions of its employee." *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999).

Plaintiff's fallback, that the allegations should be "evaluated as a whole," ECF No. 15 at 5, does not help. Aggregating conclusory allegations does not make them factual. What Plaintiff describes is a single death in custody, followed by a list of things Defendants might have done differently. That is the respondeat superior theory *Monell* forbids, recast as a training claim. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

**C. The procedural posture does not lower the pleading standard, and Plaintiff cannot plead his way into discovery with conclusions.**

Plaintiff argues that the R&R converted the Rule 12 inquiry into an evidentiary one by relying on *Mullen*, a summary-judgment decision. ECF No. 15 at 3, 9-10. But the R&R cited *Mullen* only for the substantive elements of deliberate indifference, R&R at 10, and those elements do not change with the procedural posture. What changes is how they are shown: at summary judgment with evidence, at the pleading stage with factual allegations. The R&R faulted the Complaint for the latter. It did not weigh evidence; it found an absence of *allegations*. R&R at 10. The R&R's principal authority, *Johnson*, applied the same rule at the pleading stage. R&R at 10 (quoting *Johnson*, 163 F.4th at 823, for the rule that a plaintiff's own incident is insufficient "to plausibly allege a *Monell* claim").

Plaintiff's related contention, that information about prior incidents, training, and policies lies with Defendants and should be obtained in discovery, ECF No. 15 at 2-3, 8-10, inverts Rule 8. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than

conclusions." *Iqbal*, 556 U.S. at 678-79. The possibility that discovery "may reveal" supporting facts, is not a substitute for pleading them.

## III. Independently, the County Cannot Be Liable for Training, Supervision, and Detention Practices That the Complaint Attributes to the Sheriff.

The R&R's conclusion is correct for a further reason that confirms the futility of any amendment against the County. A local government is liable under *Monell* only for its own policies, set by officials with final policymaking authority *for that government* over the matter at issue, a question determined by state law. *McMillian v. Monroe County*, 520 U.S. 781, 785-86 (1997) (county not liable under § 1983 for sheriff who acts as a state policymaker). In South Carolina, the sheriff and his deputies are state officials, not county employees. *Cromer*, 88 F.3d at 1332; *Edwards v. Lexington Cnty. Sheriff's Dep't*, 386 S.C. 285, 291, 688 S.E.2d 125, 128 (2010).

The Complaint itself places every challenged decision within the Sheriff's authority. It alleges that BCSD "employs deputies to manage, maintain and operate" the detention center, ECF No. 1 ¶ 4, and that a "Berkeley County Deputy" made the roadside decisions on which the objections now rely, *id.* ¶¶ 9-13. The training and supervision of those deputies, their monitoring of detainees, and the detention-center safety protocols they enforce are, on Plaintiff's own allegations, functions of the Sheriff's Office, which is the arm of the State that the R&R correctly found immune. The County does not become liable for those functions because the Sheriff's Office bears the County's name or receives County funding. Plaintiff's own framing that the BCSD and County questions concern "distinct governmental entities," only supports this position: the Complaint pleads no conduct, policy, or decision by the County as distinct from the Sheriff.

## IV. The Supplemental Jurisdiction Recommendation Should Be Adopted.

Plaintiff's objection to the supplemental-jurisdiction recommendation rests entirely on the premise that his § 1983 claim against the County survives. ECF No. 15 at 10-12. It does not. With all federal claims dismissed at the outset of the case, the R&R correctly applied the general rule that the Court should decline supplemental jurisdiction and dismiss the state claims without prejudice. As to BCSD, the Eleventh Amendment independently forecloses the state claims in this Court. Plaintiff suffers no prejudice: the state-law claims are dismissed without prejudice, and 28 U.S.C. § 1367(d) tolls the limitations period while they were pending here and for 30 days after dismissal. *Artis v. District of Columbia*, 583 U.S. 71, 74-75 (2018). The Court of Common Pleas is the forum South Carolina has provided for tort claims against its political subdivisions and agencies.

## V. Plaintiff's Contingent Request for Leave to Amend Should Be Denied.

Plaintiff asks, alternatively, to be granted leave to amend to the extent the Court determines that additional factual allegations are necessary. ECF No. 15 at 12-13. The request should be denied for three reasons.

First, it is not properly before the Court. A request for leave to amend embedded in a brief, without a motion or a proposed amended pleading, is not a proper Rule 15 motion, and a court does not abuse its discretion by declining to grant leave on that basis. Plaintiff has had Defendants' Motion since June 2, 2026, and the R&R since September 11, 2026. He has never moved to amend and, even now, does not identify a single fact he would add.

Second, the request confirms rather than cures the deficiency. Amendment is futile as to BCSD, which is entitled Eleventh Amendment immunity on any pleading. It is also futile as to the County, for the reasons stated above.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court overrule Plaintiff's objections, adopt the Report and Recommendation (ECF No. 14) in full and deny Plaintiff's request for leave to amend.

HOOD LAW FIRM, LLC
172 Meeting Street
Post Office Box 1508
Charleston, SC 29402
Phone: (843) 577-4435
Facsimile: (843) 722-1630
Email: Info@hoodlaw.com

**October 9, 2026**
Charleston, South Carolina

**/s/ Evan M. Sobocinski**
Elloree A. Ganes (#9022)
Elloree.ganes@hoodlaw.com
Evan M. Sobocinski (#13175)
evan.sobocinski@hoodlaw.com

***Attorneys for the Defendants***
***Berkeley County Sheriff's Department and***
***Berkeley County***